PUBLIC ENTITY FILING

1  WAYNE W. WINTHERS, CITY ATTY. #134659
2  DENAH H. HOARD, ASSIST. CITY ATTY. #175316
   CITY OF ORANGE
3  300 East Chapman Avenue
4  Orange, California 92866        **ORIGINAL**
   (714) 744-5580
5
   Attorneys for Defendants CITY OF ORANGE, (erroneously also sued as
6  CITY OF ORANGE POLICE DEPARTMENT) and
7  CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 OLIVIA ANN REIL,                ) CASE NO.:
                                   )
11       Plaintiff,                ) **SACV 13 - 01266 JST (SSx)**
                                   )
12 v.                              )
                                   ) NOTICE OF REMOVAL OF ACTION:
13 CITY OF ORANGE; *CITY OF* ORANGE POLICE ) UNDER 28 U.S.C. §1441(b)
   DEPARTMENT; CITY OF ORANGE       ) (FEDERAL QUESTION)
14 CHIEF OF POLICE ROBERT          )
   GUSTAFSON and DOES 1 through 50, )
15 Inclusive,                      )
                                   )
16       Defendants,               )
                                   )
17 --------------------------------)
18
19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:
20       PLEASE TAKE NOTICE that Defendants CITY OF ORANGE (erroneously also
21 sued as the CITY OF ORANGE POLICE DEPARTMENT) and CITY OF ORANGE
22 CHIEF OF POLICE ROBERT GUSTAFSON hereby removes to this Court the state
23 court action described below.
24       1.    On July 2, 2013 an action was commenced in the Superior Court of the
25 State of California in and for the County of Orange, entitled OLIVIA ANN REIL,
26 Plaintiff v. CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, CITY
27 OF ORANGE POLICE CHIEF ROBERT GUSTAFSON, Defendants, case number 30-
28

                                    1

PUBLIC ENTITY FILING

2013-00660248.  A true and correct copy of the complaint is attached hereto as Exhibit "A".

2. The first date upon which Defendants CITY OF ORANGE (erroneously sued as the CITY OF ORANGE POLICE DEPARTMENT) and CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON received a copy of said complaint was August 5, 2013, when defendants were served with a copy of the summons and complaint from state court by way of United States Mail.  A true and correct copy of the summons is attached hereto as Exhibit "B".

3. On August 15, 2013, Defendants filed an answer to the complaint denying all allegations.  A true and correct copy of the answer is attached hereto as Exhibit "C".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed from this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under civil rights secured by the Constitution of the United States.

Dated:   August 15, 2013

CITY OF ORANGE
Wayne W. Winthers, City Attorney

By: _____

Denah H. Hoard, Assistant City Attorney
Attorney for Defendant, CITY OF
ORANGE and CITY OF ORANGE CHIEF
OF POLICE ROBERT GUSTAFSON

Exhibit "A"

DENNIS F. MINNA, ESQ. BAR NO. 128847
LAW OFFICES OF DENNIS F. MINNA
25108 Marguerite Parkway, Suite A-211
Mission Viejo, CA 92692
(714) 550-7147

RAMON ROSSI LOPEZ, ESQ. BAR NO. 86361
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
(949) 737-1501

Attorney for:  Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

07/02/2013 at 11:34:17 AM

Clerk of the Superior Court
By Mary M Johnson, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

OLIVIA ANN REIL,

Plaintiff,

vs.

CITY OF ORANGE; CITY OF
ORANGE POLICE
DEPARTMENT; CITY OF
ORANGE CHIEF OF POLICE
ROBERT GUSTAFSON and DOES
1 through 50, Inclusive,

Defendants.

CASE NO:   30-2013-00660248-CU-CR-CJC

Judge Andrew P. Banks

COMPLAINT FOR DAMAGES FOR:

1. DEPRIVATION OF CIVIL RIGHTS
UNDER COLOR OF LAW [42 USC
§§1983, 1985, 1986 and 1988];
2. DEPRIVATION OF CIVIL RIGHTS
UNDER COLOR OF LAW (MONELL
CLAIM) [42 USC §§1983, 1985, 1986,
1988];
3. CONSPIRACY TO INTERFERE WITH
CIVIL RIGHTS [42 USC §1985];
4. ASSAULT (Government Entity Liability
Pursuant to Government Code §815.2 and
§820 et seq.);
5. BATTERY (Government Entity Liability
Pursuant to Government Code §815.2 and
§820 et seq.);
6. NEGLIGENCE AND NEGLIGENT
SUPERVISION (Government Entity
Liability Pursuant to Government Code
§815.2 and §820 et seq.).

DEMAND FOR JURY TRIAL

COMES NOW PLAINTIFF, and alleges as follows:

1.   COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and for Supplemental State Law Claims, against Defendants, CITY OF ORANGE; CITY OF ORANGE POLICE DEPARTMENT; CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON and DOES 1 through 50, Inclusive. Jurisdiction is founded on the basis of 28 U.S.C. §§133 1 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law. Venue is proper in the Central District of California, Santa Ana, because the herein described incident took place in or about the City of Buena Park, California.

2.    It is alleged that unidentified police officers from the ORANGE POLICE DEPARTMENT shot Plaintiff, OLIVIA ANN REIL, without legal cause or excuse, made an unreasonable seizure of the person of OLIVIA ANN REIL, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and her rights arising under California state law.

## PARTIES

3.    Plaintiff, OLIVIA ANN REIL was a resident of Orange County, California, during all times relevant hereto. Accordingly, OLIVIA ANN REIL was a person within the jurisdiction of the United States, and was therefore authorized to assert a claim for relief under 42 U.S.C. § 1983.

4.    At all times mentioned herein, defendant CITY OF ORANGE is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

captains, commanders and/or civilian employees of the ORANGE POLICE DEPARTMENT or CITY OF ORANGE, and at all times were acting with the permission and consent of their co-defendants. Said defendants were specifically authorized by defendants CITY OF ORANGE and ORANGE POLICE DEPARTMENT to perform the duties and responsibilities of sworn police officers, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers. Said defendants are herein sued in their individual and official capacities as police officers, sergeants, captains, commanders, supervisors, policy makers and/or other officers for the ORANGE POLICE DEPARTMENT or CITY OF ORANGE. Said defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendants CITY OF ORANGE, ORANGE POLICE DEPARTMENT, and the State of California.

## JURISDICTION

### PROCEDURAL REQUIREMENTS

10. On or about December 5, 2012, plaintiff OLIVIA ANN REIL filed a claim for damages pursuant to <u>California Government Code</u> §911.2 with defendants CITY OF ORANGE, ORANGE POLICE DEPARTMENT and ROBERT GUSTAFSON.

11. On or about January 9, 2013, plaintiff's claim was denied by the City Council of the CITY OF ORANGE.

12. Plaintiff now files the instant timely action for damages pursuant to <u>California Government Code</u> § 945.6.

### VENUE AND JURISDICTION

13. This court has jurisdiction of the claim herein pursuant to 42 U.S.C.

-4. COMPLAINT FOR DAMAGES

§§1983, 1985, 1986, and the United States Constitution. This civil action arises under the laws of the United States as plaintiff is alleging violations of plaintiff's constitutional civil rights. Pursuant to 28 U.S. § 1367(a), plaintiff requests this court to exercise supplemental jurisdiction to hear and decide claims against defendants arising under California state law.

14.     Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under state law.

15.     Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 1983 et seq. The unlawful conduct and injury occurred in the city of Orange, County of Orange, State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above .

17.     On or about June 23, 2012, in the City of Orange, California. Plaintiff, OLIVIA ANN REIL was shot by one or more ORANGE POLICE DEPARTMENT officers.

18.     On the evening of June 22, 2012, Plaintiff, OLIVIA ANN REIL had been socializing with her boyfriend Robert Cabalo and several other friends at Danny K's Cafe & Billards located at 1096 North Main Street in the city of Orange. At or around 1:00 am to 1:30 am on June 23, 2012, Plaintiff, OLIVIA ANN REIL driving her boyfriend Robert Cabalo's Toyota Tundra, dropped Robert Cabalo off at a friend's house and then proceeded to Robert Cabalo's residence to spend the night. At or around 2:00 to 2:30 am on June 23, 2012, Plaintiff, OLIVIA ANN REIL parked the Toyota Tundra at or within the intersection of Sycamore and Cedar in the city of Orange. Based upon information and beliefe, an unknown female reported to defendant CITY OF ORANGE POLICE DEPARTMENT that a female with a gun in a Burgandy Toyota was parked at the

5.   COMPLAINT FOR DAMAGES

intersection of Sycamore and Spruce. Officers responded and confronted Plaintiff, OLIVIA ANN REIL at Sycamore and Cedar. Plaintiff, OLIVIA ANN REIL exited her vehicle (either on her own volition or upon being ordered to do so by defendants CITY OF ORANGE POLICE DEPARTMENT DOES 1 through 50. Despite being unarmed, defendants CITY OF ORANGE POLICE DEPARTMENT DOES 1 through 50, ordered Plaintiff, OLIVIA ANN REIL to drop her weapon, whereupon Plaintiff, OLIVIA ANN REIL held up her hand showing the officers that she was holding her wallet and/or cell phone, and yelled out that she did not have a weapon. Defendants CITY OF ORANGE POLICE DEPARTMENT DOES 1 through 50, again ordered Plaintiff, OLIVIA ANN REIL to drop her weapon and again Plaintiff, OLIVIA ANN REIL raised her hand showing the officers that she was holding her wallet and/or cell phone and again loudly announced that she did not have a weapon. Although Plaintiff, OLIVIA ANN REIL constituted no threat to the officers or others, and although there was no legal cause or excuse to seize the person of Plaintiff, OLIVIA ANN REIL several CITY OF ORANGE POLICE DEPARTMENT DOES 1 through 50 opened fire with shotguns and handguns striking Plaintiff, OLIVIA ANN REIL approximatley six (6) times in her Left arm, Left leg and abdomen.

19.As a direct and proximate result of said acts of defendants, Plaintiff, OLIVIA ANN REIL suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her constitutional rights under Article 1, Section 1 of the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil

rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

    c.  Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

    d.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

    e.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

20.    As a direct and proximate result of the said Violations, negligence, carelessness and recklessness of the Defendants, and each of them, Plaintiff was caused to, and continues to Be, sick, sore, lame, injured, and physically disabled. Plaintiff has suffered severe and excruciating pain and distressing mental anguish as a result of said injuries. Plaintiff has suffered, and for the rest of her life will continue to suffer, said pain and mental anguish as a result of her injuries.

21.    As a result of the aforesaid injuries Plaintiff has, and will continue to incur costs, expenses, and liability for the services provided by physicians, surgeons, nurses and hospitals, in the form of, among other things, medicines, x-rays, EEGs, surgeries and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to set forth the amount of said sums when the true and exact costs of the above described care and treatment is ascertained by Plaintiff.

7.  COMPLAINT FOR DAMAGES

22.    As a direct and proximate result of the intention, unlawful, negligent, careless, and reckless acts of defendants and each of them, Plaintiff has and will continue to incur loss of income, wages, profits and commissions, loss of earning potential, and other pecuniary losses. The full extent of said losses is not yet ascertained by Plaintiff, and Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

### FIRST CAUSE OF ACTION
### (DEPRIVATION OF CIVIL RIGHTS
### UNDER COLOR OF LAW
### 142 U.S.C. §§1983, 1985, 1986 AND 19881)

23.    Plaintiffs incorporate paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.    On or about June 23, 2012 Defendants, and each of them, violated Plaintiffs' Civil Rights under the Fourth, and Fourteenth Amendments of the United States Constitution prohibiting unlawful search and seizure, cruel and usual punishment and violation of due process of law. Defendants and each of them, acted in violation of the Fourth Amendment of the United States Constitution when they shot Plaintiff, OLIVIA ANN REIL, without any cause or provocation.

25.    The actions of defendants as aforesaid violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. Section 1983 as defendants violated Plaintiff's Civil Rights. The violation of OLIVIA ANN REIL's Civil Rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set forth below.

26.    Defendants' actions as aforesaid directly and proximately caused injuries and damages to Plaintiff as more fully set forth herein.

27.    On June 23, 2013, Defendants violated Plaintiff's Civil Rights in using a degree of physical force that was greater than any threat necessary and

which was not objectively reasonable force in light of all the circumstances. OLIVIA ANN REIL posed no immediate threat to the safety of the officers or others, and was not resisting any arrest or notice to stop or attempting to evade arrest by flight. Defendants' use of excessive force, by shooting an unarmed person, was unreasonable and in violation of his Civil Rights under the Fourth and Fourteenth Amendments of the United States Constitution.

28.    Plaintiff was shot by Defendants DOES 1 through 50. All Defendants are liable for the injuries and damages proximately caused to Plaintiffs as a result in damages to plaintiff OLIVIA ANN REIL, as Defendants failed to perform a legally required act and showed deliberate indifference to Plaintiff's safety by failing to intervene to prevent a violation of OLIVIA ANN REIL's Constitutional Rights. Defendants additionally conspired to cover-up the violation of Plaintiff's Civil Rights.

29.    Prior to June 23, 2012, the defendant CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons in their custody, which caused the violation of Plaintiffs' decedent's Civil Rights.

30.    It was the policy and/or custom of the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT to inadequately and improperly investigate citizen complaints of misconduct, and acts of misconduct were instead tolerated by the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT.

31. It was the policy and/or custom of the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT to inadequately supervise and train its officers, including the Defendant officers, thereby failing to adequately discourage further Constitutional violations on the part of its employees.

32.    As a result of the above-described policies and/or customs, CITY OF ORANGE

and CITY OF ORANGE POLICE DEPARTMENT, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33.     The above-described policies and/or customs demonstrated a deliberate indifference on the part of policy makers of the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT to the Constitutional Rights of persons within the City, and were the cause of the violations of Plaintiffs Civil Rights alleged herein.

34.     Each of the defendant Officers and DOES named herein is individually liable for the violation of Plaintiff's Civil Rights apart and aside from the customs, policies and practices of the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT as each of the individual defendants violated Plaintiff's Civil Rights on June 23, 2012.

35.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff suffered and will continue to suffer the following injuries and damages:

    a.   Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.   Violation of her constitutional rights under Article I, Section 1 of the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

    c   Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

    d.   General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

    e.   Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

36.   The conduct of Defendants, DOES 1-50 were engaged in Malicious, intentional, despicable, reckless and callous indifference to the federally protected rights and individual safety of Plaintiff and therefore Plaintiff are entitled to an award of punitive damages to punish and make an example of the Defendant Officers DOES 1 Through 50, inclusive, under Civil Code §3294.

37.   Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violation of Plaintiffs' decedent's Civil Rights.

### SECOND CAUSE OF ACTION
### (DEPRIVATION OF CIVIL RIGHTS
### UNDER COLOR OF LAW (MONEL CLAIM) [42 USC §§1983, 1985, 1986, 1988) [42 U.S.C. §§1983, 1985, 1986 AND 1988]

38.   Plaintiffs incorporate paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.   At all times herein mentioned, Defendants CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT maintained a custom, policy and practice to allow the violation of the Civil rights of individuals whom they were pursuing or detaining. Additionally, the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT covered up the true facts surrounding the shooting of Plaintiff, OLIVIA ANN REIL, which was in accordance with a custom, policy and practice of the CITY OF ORANGE and

CITY OF ORANGE POLICE DEPARTMENT in having covered up past shootings, denying Government Claims, rejecting and failing to act on and denying Citizen Complaints. All of these actions were done in violation of Plaintiff's Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for the denial of the Civil Rights of Plaintiff's and others.

40. As a direct and proximate result of a conduct of Defendants, and each of them, Plaintiffs have suffered and incurred the following injuries and damages:

a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

b. Violation of her constitutional rights under Article I, Section I of the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

c. Sever physical pain and suffering and emotional trauma. including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

d. General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to

engage in normal and customary life activities; and

    e.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

<u>THIRD CAUSE OF ACTION</u>
<u>(CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS</u>
<u>[42 U.S.C. § 1985])</u>

    41. Plaintiffs incorporate paragraphs 1 through 40, inclusive, as though fully set forth herein.

    42.   Defendants DOES 1 through 50, and each of them, and other members of the CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT, agreed and conspired to and did deprive Plaintiff herein of her Constitutional Rights guaranteed under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, as well as the equal protection of the laws and/or the equal privileges and immunities under the law. Said conduct was accomplished under color of state law in violation of 42 U.S.C. Section 1985(3).

    43.  As a direct and proximate result of the conspiracy and agreement of defendants to interfere with Plaintiff's Constitutionally-protected Rights, Plaintiff's sustained damages in an amount to be proven at the time of Trial.

    44.  As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff has suffered and will continue to suffer the following injuries and damages:

    a.  Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her constitutional rights under Article I, Section 1 of the California Constitution to enjoy her life and liberty, and

      pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

    c.  Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

    d.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

    e.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

45. The conduct of Defendants, DOES 1-50 were engaged in Malicious, intentional, despicable, reckless and callous indifference to the federally protected rights and individual safety of Plaintiff and therefore Plaintiff are entitled to an award of punitive damages to punish and make an example of the Defendant Officers DOES 1 Through 50, inclusive, under Civil Code §3294.

46.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violation of Plaintiffs' decedent's Civil Rights.

## FOURTH CAUSE OF ACTION

### (Against All Defendants For Assault Government Entity Liability Pursuant to Government Code §815.2 and §820 et seq.)

47.    Plaintiffs hereby incorporate Paragraphs 1 through 46, inclusive, as though fully

set forth herein.

48.    On June 23, 2012 Plaintiff, OLIVIA ANN REIL, was shot by defendants DOES 1-50, for no reason and without provocation. Plaintiff also alleges that there had been other similar incidents wherein other individuals who were not involved in any type of criminal activity have been stopped, for no apparent reason, shot due to no provocation.

49.    Defendants intended to cause, and did cause, Plaintiff to suffer apprehension of a immediate harmful contact.

50.    Therefore, Defendants, and each of them, are liable for assault upon Plaintiff OLIVIA ANN REIL.

51.    As set forth in Thomas v. City of Richmond 27 Cal.Rptr.2d 536 "There is no general immunity for injuries resulting from police action. Indeed, a facial reading of the relevant statute supports the opposite conclusion. Government Code §815.2, Sub.(a) provides that a public entity is liable "for injury proximately caused by an act or omission of any employee of the public entity within the scope of his employment if the act or omission would, apart from the section, have given rise to a cause of action against that employee or his personal representative." "Sub.(a), therefore, establishes a general rule of liability." Thomas v. City of Richmond, supra at page 538. While the Thomas v. City of Richmond court went on to write that the rule of liability is somewhat circumscribed by Subdivision (b) of Government Code §815.2, in spite of this, "In general, police officers are not immune from liability for injuries resulting from their tortious conduct, and their employers, therefore also are subject to liability. The legislature has recognized that the imposition of vicarious liability on a public employer is an appropriate method to insure that victims of police misconduct are compensated. It has done so by declining to grant immunity to public entities when their police officers engage in

violate conduct. Since the enactment of the California Tort Claims Act in 1963 (Government Code §810 et seq), a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." Thomas v. City of Richmond, supra at 531 citing Mary M. v. City of Los Angeles (1991) 54 Cal.3d 202, 215. While there can be no public liability for injuries resulting from the use of reasonable force "liability does, however, attach if unreasonable force is used in effectuating an arrest. Scruggs v. Hynes (1967) 252 Cal.App.2d 256, 262-268 (as cited in Thomas v. City of Richmond, supra at 539). Whether the force used by the police was or was not excessive presents issues of fact. People v. Delahoussae (1989) 213, Cal.App.3d 1, 8. As cited in Thomas v. City of Richmond, supra at page 539. Additionally, under Government Code §844.6(d) "Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission" it is clear that a public employee may be liable for a wrongful act or omission committed within the course and scope of his employment and the defendant(s) who shot OLIVIA ANN REIL are liable for causing those damages to Plaintiff as set forth herein.

52.    As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

      a.  Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

      b.  Violation of her constitutional rights under Article I, Section 1 of

the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

c. Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

d. General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

e. Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

53.     The individual Defendant officers engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiff's rights and with an intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice in violation of Civil Code Section 3294. The individual Defendant officers engaged in a conscious disregard of Plaintiff's safety and thereby directly caused injuries and damages to Plaintiff. Plaintiff is entitled to punitive damages against the individual Defendant officers to punish and make an example of them.

## FIFTH CAUSE OF ACTION
### (Against All Defendants For Battery Government Entity Liability
### Pursuant to Government Code §815.2 and §820 et seq.)

54.     Plaintiff refers to Paragraphs 1 through 53, inclusive, and by this reference

incorporates said paragraphs as though fully set forth herein.

55. Defendants DOES 1 Through 50, inclusive, were at all times herein mentioned were employed as Police Officers for Defendants CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT, and were acting within the scope of their employment as Police Officers when the events described in this complaint took place.

56. On June 23, 2012 Defendants DOES 1 Through and each of them, shot Plaintiff, OLIVIA ANN REIL, for no reason or cause and without provocation. Plaintiff also alleges that there had been other similar incidents in which other individuals had been shot by officers or employees of Defendants CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT for no reason and without provocation.

57. As set forth in Thomas v. City of Richmond 27 Cal.Rptr.2d 536 (1994) "There is no general immunity for injuries resulting from police action. Indeed, a facial reading of the relevant statute supports the opposite conclusion. Government Code §815.2, Sub.(a) provides that a public entity is liable "for injury proximately caused by an act or omission of any employee of the public entity within the scope of his employment if the act or omission would, apart from the section, have given rise to a cause of action against that employee or his personal representative." "Sub.(a), therefore, establishes a general rule of liability." Thomas v. City of Richmond supra at page 538. While the Thomas v. City of Richmond court went on to write that the rule of liability is somewhat circumscribed by Subdivision (b) of Government Code §815.2, in spite of this, "In general, police officers are not immune from liability for injuries resulting from their tortious conduct, and their employers, therefore also are subject to liability. The legislature has recognized that the imposition of vicarious liability on a public employer is an appropriate method to insure that victims of police misconduct are compensated. It has done so by declining to grant immunity to public entities when their police officers engage in violate

conduct. Since the enactment of the California Tort Claims Act in 1963 (Government Code §810 et seq), a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." Thomas v. City of Richmond, supra at 531 citing Mary M. v. City of Los Angeles (1991) 54 Cal.3d 202, 215. While there can be no public liability for injuries resulting from the use of reasonable force "liability does, however, attach if unreasonable force is used in effectuating an arrest. Scruggs v. Hynes (1967) 252 Cal.App.2d 256, 262-268 (as cited in Thomas v. City of Richmond, supra at 539). Whether the force used by the police was or was not excessive presents issues of fact. People v. Delahoussae (1989) 213, Cal.App.3d 1, 8. As cited in Thomas v. City of Richmond, supra at page 539. Additionally, under Government Code §844.6(d) "Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission" it is clear that a public employee may be liable for a wrongful act or omission committed within the course and scope of his employment and the defendants who beat plaintiff are liable for causing him injury as set forth herein.

58.    Defendants did not have any probable cause or reason to shoot and kill Plaintiffs' decedent.

59.    The actions of Defendant officers as set forth herein constituted an intentional, unlawful, harmful and offensive unconsensual contact with Plaintiff's person by shooting him and killing without reason or any provocation.

60.    As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiffs have sustained and incurred, and is certain in the future to sustain and incur, losses,

injuries and damages which are itemized as follows:

    a.  Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.  Violation of her constitutional rights under Article I, Section 1 of the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights.

    c.  Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

    d.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

    e.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial

    61.    The individual Defendants engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiffs' decedent's rights and with an intent to vex, injure or annoy Plaintiffs such as to constitute oppression, fraud or malice in violation of Civil Code  Section 3294. The individual Defendant officers engaged in a conscious disregard of Plaintiffs' decedent's safety and thereby directly caused

injuries and damages to Plaintiffs by shooting and killing OLIVIA ANN REIL. The individual Defendant officers are liable for punitive damages in amount sufficient to punish and make an example of them as a result of his malicious, willful, oppressive and despicable conduct as herein alleged.

## SIXTH CAUSE OF ACTION

### ON BEHALF OF PLAINTIFF OLIVIA ANN REIL, AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS UNDER THE CALIFORNIA CONSTITUTION AND CALIFORNIA CIVIL CODE § 52.1

62.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 above.

63.   At all times relevant herein and at the places herein alleged, defendants GUSTAFSON, CITY OF ORANGE, ORANGE POLICE DEPARTMENT and DOES 1 through 50, and each of them, attempted to interfere and did interfere with plaintiff OLIVIA ANN REIL's rights as guaranteed by Article I, Section 1 of the California Constitution. According to Article I, Section 1 of the California Constitution, plaintiffs have the right to be free and independent and have inalienable rights, among which include enjoying and defending life and liberty, acquiring and protection of property, and pursuing and obtaining safety, happiness, and privacy.

64.   Plaintiff OLIVIA ANN REIL'S rights were violated then defendants, and each of them, deprived plaintiff OLIVIA ANN REIL of her constitutional right to enjoy her life and to be free from violence or intimidation in the exercise or enjoyment of her civil constitutional rights by inflicting multiple gunshot wounds upon her, without legal cause or justification, which resulted in plaintiff OLIVIA ANN REIL'S damages as herein above.

65.   Said conduct subjected defendants GUSTAFSON, ORANGE

POLICE DEPARTMENT and CITY OF ORANGE to liability under California Government Code §§ 815.2 and 820.

66.    As a direct and proximate result of the alleged acts of defendants, and each of them, plaintiff OLIVIA ANN REIL was deprived of her right to privacy and her right to be free from violence and intimidation in the exercise and enjoyment of her civil constitutional rights, and suffered the those damages as alleged herein above.

67.    Defendants', and each of them, acts as alleged above violated plaintiff OLIVIA ANN REIL'S rights as guaranteed by the California Constitution and California Civil Code § 52.1, thus entitling plaintiff OLIVIA ANN REIL to compensatory and punitive damages, a $25,000 civil penalty and attorney fees, all of which are provided for in California Civil Code §§ 52.1(b) and 52, and hereby requested in an amount according to proof.

## SEVENTH CAUSE OF ACTION
## (NEGLIGENCE AS TO ALL DEFENDANTS)

68.    For the seventh, separate and distinct cause of action against defendants, and each of them, plaintiff alleges as follows:

69.    Plaintiff incorporates herein by this reference, with the same force and effect as though set forth at length paragraphs 1 through 67.

70.    At all times herein mentioned, the defendants, CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT, DOES 1 through 50, and each of them, so negligently and unlawfully shot plaintiff OLIVIA AND REIL, so as to cause those injuries and damages alleged as follows:

    a.  Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.  Violation of her constitutional rights under Article I, Section 1 of

the California Constitution to enjoy her life and liberty, and
pursue safety, happiness and privacy; and violation of her civil
rights under California <u>Civil Code</u> § 52.1 to be free from
violence or intimidation in the exercise or enjoyment of her civil
constitutional rights.

   c.  Sever physical pain and suffering and emotional trauma, including
but not limited to several gunshot wounds, fractured bones,
damaged internal nerves, organs and scars.

   d.  General damages for pain, suffering, anguish, discomfort,
severe emotional distress, anxiety, worry and mental
suffering, loss of enjoyment of life, and loss of ability to
engage in normal and customary life activities; and

   e.  Other and further damages not specifically enumerated but
for which Plaintiff will seek leave of court to amend
according to proof at the time of trial

71.  As a direct and proximate result of the acts and omissions of defendants, DOES 1 through 50, inclusive, plaintiff OLIVIA ANN REH, was deprived of her Civil Rights as herein above described and received severe injuries to her body and shock and injury to her nervous system, all of which caused her severe pain and discomfort and plaintiff is informed and believes and based upon such information and belief that she will continue to suffer pain and discomfort all to general damage in a sum according to proof at the time of trial. In addition, plaintiff has suffered, and will continue to suffer, severe emotional distress, including but not limited to worry, anxiety, nervousness, humiliation, embarrassment and sleeplessness, as a direct and proximate result of the aforementioned acts and omissions of these defendants, and each of them.

72.  As a further direct and proximate result of the acts and omissions of defendants, and each of them, and the injuries resulting therefrom, plaintiff

has been required and is informed and believes that she will, in the future require, the services of doctors, surgeons, physicians, nurses, hospitals, and like-related professional services, including drugs, medicines, x-rays and medical expenses, the exact reasonable amount services and liabilities will conform to proof at the time of trial.

SEVENTH CAUSE OF ACTION

(NEGLIGENCE AS TO ALL DEFENDANTS)

73.     For the seventh, separate and distinct cause of action against defendants, and each of them, plaintiff alleges as follows:

74.     Plaintiff incorporates herein by this reference, with the same force and effect as though set forth at length paragraphs 1 through 72.

75.     That on June 23, 2012 and learned unknown, Years prior thereto, defendant CITY OF ORANGE and CITY OF ORANGE POLICE DEPARTMENT, CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON so negligently hired, trained, failed to train, disciplined and/or mailed to discipline or otherwise supervise the defendants DOES 1 through 50, inclusive, and other unknown sworn police officers of the CITY OF ORANGE POLICE DEPARTMENT., So as to cause, allow, permit, the and otherwise encourage defendants Does 1 through 50, Inclusive, to correct form an oral met the action or the virtue, including but not limited to the negligence and/or intentional shooting live plaintiff, OLIVIA ANN REIL as herein above described, so as to cause those injuries and damages alleged as follows:

    a.  Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.  Violation of her constitutional rights under Article 1, Section 1 of the California Constitution to enjoy her life and liberty, and pursue safety, happiness and privacy; and violation of her civil rights under California Civil Code § 52.1 to be free from violence or intimidation in the exercise or enjoyment of her civil

constitutional rights.

   c.  Sever physical pain and suffering and emotional trauma, including but not limited to several gunshot wounds, fractured bones, damaged internal nerves, organs and scars.

   d.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities; and

   e.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial

76.   As a direct and proximate result of the acts and omissions of defendants, DOES 1 through 50, inclusive, plaintiff OLIVIA ANN REIL, was deprived of her Civil Rights as herein above described and received severe injuries to her body and shock and injury to her nervous system, all of which caused her severe pain and discomfort and plaintiff is informed and believes and based upon such information and belief that she will continue to suffer pain and discomfort all to general damage in a sum according to proof at the time of trial. In addition, plaintiff has suffered, and will continue to suffer, severe emotional distress, including but not limited to worry, anxiety, nervousness, humiliation, embarrassment and sleeplessness, as a direct and proximate result of the aforementioned acts and omissions of these defendants, and each of them.

77.   As a further direct and proximate result of the acts and omissions of defendants, and each of them, and the injuries resulting therefrom, plaintiff has been required and is informed and believes that she will, in the future require, the services of doctors, surgeons, physicians, nurses, hospitals, and like-related professional services, including drugs, medicines, x-rays and medical expenses, the exact reasonable amount services and liabilities will

conform to proof at the time of trial.

**WHEREFORE**, Plaintiff OLIVIA ANN REIL, for each and every claim above demands the following relief, jointly and severally, against all the defendants;

(1)   Compensatory general and special damages in an amount in accordance with proof;

(2)   Exemplary and/or punitive damages, against each and every individual defendant only as allowed by law and for the intentional acts described herein and/or for those intentional acts done recklessly and/or with deliberate indifference or in conscious disregard of the rights and or safety of others, in an amount sufficient to deter and to make an example of those individual defendants.

(3)   Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, and 42 USC section 1983.

(4) Costs of suit necessarily incurred herein;

(5) Prejudgment interest according to proof;

Dated: July 2, 2013                        LAW OFFICES OF DENNIS F. MINNA

                                           Dennis F. Minna, Esq. Atty. For Plaintiff

## DEMAND FOR JURY

Plaintiffs, OLIVIA ANN REIL demands a trial by jury in this matter.

Dated: July 2, 2013                        LAW OFFICES OF DENNIS F. MINNA

                                           Dennis F. Minna, Esq. Atty. For Plaintiff

Exhibit "B"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF ORANGE; CITY OF ORANGE POLICE DEPARTMEN I; CITY OF ORANGE
CHIEF OF POLICE ROBERT GUSTAFSON and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

OLIVIA ANN REIL

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**07/02/2013** at 11:34:17 AM<br>Clerk of the Superior Court<br>By Mary M Johnson,Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER<br>30-2013-00660248-CU-CR-CJC<br><br>Judge Andrew P. Banks |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Ofc of Dennis F. Minna, 25108 Marguerite Pkwy., Ste A-211, Mission Viejo, CA 92692 (714) 550-7147

| DATE: 07/02/2013 | ALAN CARLSON, Clerk of the Court | y | *Mary Johnson* | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | Mary M Johnson | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
        [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dennis F. Minna, Esq.      bAR nO. 128847 | |
| LAW OFFICES OF DENNIS F. MINNA | **ELECTRONICALLY FILED** |
| 25108 Marguerite ParkwaySuite A-211 | Superior Court of California, |
| Mission Viejo, California 92692 | County of Orange |
| TELEPHONE NO. (714) 550-7147   FAX NO. (714) 550-7149 | **07/02/2013** at 11:34:17 AM |
| ATTORNEY FOR (Name): Plaintiff | Clerk of the Superior Court |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange | By Mary M Johnson, Deputy Clerk |
| STREET ADDRESS: 700 Civic Center Drive West | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Santa Ana, California 92701 | |
| BRANCH NAME: | |

CASE NAME:
Olivia Ann Reil v City of Orange et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | 30-2013-00660248-CU-CR-CJC |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | Judge Andrew P. Banks |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [✓] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 2, 2013

Dennis F. Minna, Esq.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1 you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

Exhibit "C"

PUBLIC ENTITY FILING

1  WAYNE W. WINTHERS, CITY ATTY. #134659
   DENAH H. HOARD, ASSIST. CITY ATTY. #175316
2  CITY OF ORANGE
   300 East Chapman Avenue
3  Orange, California 92866
   (714) 744-5580
4

5  Attorneys for Defendants CITY OF ORANGE, (erroneously also sued as
   CITY OF ORANGE POLICE DEPARTMENT) and
6  CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON

7

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/14/2013 at 03:21:00 PM

Clerk of the Superior Court
By Mary M Johnson, Deputy Clerk

FEE EXEMPT PER GC §6103

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ORANGE

10                      CENTRAL JUSTICE CENTER

11  OLIVIA ANN REIL,                  )   CASE NO.: 30-2013-00660248
                                      )
12          Plaintiff,                )   **Assigned for All Purposes to:**
                                      )   HON. ANDREW P. BANKS
13  v.                                )   Dept. C-11
                                      )
14  CITY OF ORANGE; ORANGE POLICE     )   **CITY OF ORANGE AND CHIEF OF**
    DEPARTMENT; CITY OF ORANGE CHIEF OF )  **POLICE ROBERT GUSTAFSON'S ANSWER**
15  POLICE ROBERT GUSTAFSON and DOES 1 )   **TO COMPLAINT**
    through 50, Inclusive,            )
16                                    )
            Defendants,               )
17  _____ )   COMPLAINT FILED: July 2, 2013
                                      )   TRIAL DATE:  None set
18

19      **COMES NOW**, Defendants CITY OF ORANGE, and CITY OF ORANGE POLICE CHIEF

20  ROBERT GUSTAFSON to answer the unverified complaint for deprivation of civil rights, deprivation

21  of civil rights under color of law (*Monel* claim), conspiracy to interfere with civil rights, assault,

22  battery, violation of civil rights under the California Constitution, and negligence of Olivia Ann Reil,

23  as follows:

24      Under and pursuant to the provisions of Section 431.30 of the Code of Civil Procedure of the

25  State of California, these answering Defendants, in answer to all causes of action of the complaint, and

26  the whole thereof, deny each and every, all and singular, of the allegations contained therein; and

27  further expressly deny that as a proximate result of any act or omission on the part of these answering

28

                                    1

                    _____
                         ANSWER TO COMPLAINT

PUBLIC ENTITY FILING

1 | Defendants, that the Complainant is entitled to any injunctive or declaratory relief, in any manner
2 | whatsoever, or at all.

3

### FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that each cause of action contained in the complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that the acts, actions and conduct of Plaintiff directly and proximately caused Plaintiff's injuries and/or damages, if any. Therefore, Plaintiff is not entitled to damages or any other relief from Defendants.

### THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

### FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that any and all events and happenings, injuries and damages, if any, alleged in the complaint were proximately caused and contributed to by Plaintiff in that Plaintiff assumed all risks and hazards by engaging in the course and conduct that resulted in Plaintiff's injuries, if any.

### FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of Government Code Section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

2

---

ANSWER TO COMPLAINT

PUBLIC ENTITY FILING

### SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that Defendants were justified in taking any and all actions with regard to the Plaintiff in as much as Defendants had a good faith belief that reasonable and probable cause existed to believe that violations of the California Penal Code were occurring, or had occurred, at all times relevant hereto.

### SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense Defendants allege that any force used against Plaintiff was only the amount of force reasonably believed to be necessary to protect the Defendants from wrongful injury, and was therefore, justified pursuant to Civil Code Section 50.

### EIGHTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused pursuant to the provisions of Government Code Sections 820.2 and 815.2.

### NINTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that a public entity and its employees, officers and agents are immune from tort liability for law enforcement activities while exercising due care pursuant to the provisions of Government Code Section 820.4 and Section 815.2.

### TENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that a public entity and the employees, officers and agents of Defendants are immune from tort liability because all force, if any, used by Defendants against Plaintiff was in self-defense or in defense of others.

### ELEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that at all times material hereto Defendants acted in good faith and are entitled to the qualified immunity of good faith.

3

ANSWER TO COMPLAINT

PUBLIC ENTITY FILING

**TWELFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that there was no violation of Civil Code Section 52.1 as there is no allegation of intimidation or threats based on discrimination.

**THIRTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that at all times material hereto Defendants acted in good faith and are entitled to the qualified immunity of good faith as a defense to actions brought as civil rights violations under 42 U.S.C. Section 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that if wrongful action did take place, that it was not pursuant to custom, policy or usage of the public entity.

**FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant Orange Police Department alleges that it is not a legal entity rather simply a Department of the City of Orange and therefore cannot be sued individually.

**SIXTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

The acts or omissions relating to the subject matter of this lawsuit were those of Defendants' public employees acting within the scope of their employment, exercising due care in the execution of enforcement of law; and each Defendant is immune under Government Code §§815, 815.2 and 820.4; and Penal Code §§835(a), 836 and 836.5.

**WHEREFORE**, Defendant prays that Complainant takes nothing by way of her complaint and be denied any injunctive or declaratory relief, that said Defendants be dismissed with costs herein incurred and for such other and further relief as the Court deems just and proper.

Dated:    August 14, 2013

CITY OF ORANGE
Wayne W. Winthers, City Attorney

By:

Denah H. Hoard, Assistant City Attorney
Attorney for Defendants, CITY OF ORANGE and
CITY OF ORANGE CHIEF OF POLICE
ROBERT GUSTAFSON

4

## PROOF OF SERVICE
### COUNTY OF ORANGE, STATE OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 East Chapman Avenue, Orange, California 92866.

On August 14, 2013, I served the foregoing document described as: **CITY OF ORANGE AND CITY OF ORANGE POLICE CHIEF ANSWER TO COMPLAINT**, on all interested parties.

[ ]   by placing the true copies thereof enclosed in sealed envelopes addressed as stated in the attached mailing list.

[x]   by placing [ ] the original [x] a true copy thereof enclosed in sealed envelopes addressed as follows:

Dennis F. Minna, Esq.
Law Offices of Dennis F. Minna
25108 Marguerite Parkway, Suite A-211
Mission Viejo, CA 92692

Attorney for Plaintiff, Olivia Ann Reil

[ X ]   BY MAIL

[ ]   I deposited such envelope in the mail at Orange, California. The envelope was mailed with postage therein fully prepaid.

[ X ]   I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California.

[ ]   PERSONAL SERVICE - I delivered such envelope by hand to the offices of the addressee.

Executed on August 14, 2013, at Orange, California.

[X] (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sharon M. Kirkland

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Josephine Staton Tucker_____ and the assigned Magistrate Judge is _____Suzanne H. Segal_____ .

The case number on all documents filed with the Court should read as follows:

### SACV 13-01266 JST (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 19, 2013_____
Date

By  D. Vo _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| OLIVIA ANN REIL | CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, CITY OF ORANGE CHIEF OF POLICE ROBERT GUSTAFSON and DOES 1 THROUGH 50, INCLUSIVE |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Dennis F. Mina, Esq. Law Office of Dennis F. Minna 25108 Margerite Pkwy., Suite A-211 Mission Viejo, CA 92692 (714) 550-7147 | Wayne W. Winthers, City Attorney/Denah H. Hoard, Assistant City Attorney City of Orange City Attorney's Office 300 E. Chapman Avenue Orange, CA 92866        **COPY** |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal based on federal question - civil rights violation

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY: Case Number:** SACV 13 - 01266 JST (SSx)

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _J. Al Board_   DATE: August 15, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |