1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **CENTRAL DISTRICT OF CALIFORNIA**
10
11  OLIVIA ANN REIL,                )    NO. SDCV 13-01266 JLS (SSx)
                                    )
12           Plaintiff,              )
                                    )
13           v.                     )    **MEMORANDUM AND ORDER RE: PARTIES'**
                                    )
14  CITY OF ORANGE, et al.,         )    **STIPULATED PROTECTIVE ORDER**
                                    )
15           Defendants.            )
                                    )
16
17
18
19      The Court has received and considered the parties' "Stipulation And
20  [Proposed] Protective Order" (the "Protective Order").  The Court cannot
21  adopt the Protective Order as stipulated to by the parties.  The parties
22  may submit a revised stipulated protective order, but must correct the
23  following deficiencies:
24
25      A protective order must be narrowly tailored and cannot be
26  overbroad.  See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 n. 3 (9th
27  Cir. 2004).  Therefore, the documents, information, items, or materials
28  that are subject to the protective order shall be described in a

meaningful and specific fashion (for example, "personnel records," "medical records," or "tax returns," etc.). Here, the parties stipulate that "Defendants . . . have agreed to produce documents or other materials that contain information that is privileged, confidential, private or sensitive in nature[,]" and any such documents or materials may be designated "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or another similar term and "treated in accordance with the terms of the [Protective Order]." (Protective Order at 1, ¶ 1). This definition does not clearly place the parties or the Court on notice of the specific documents or materials covered by the proposed protective order. Accordingly, the definition of documents or materials that come within the scope of the Protective Order is overbroad.

The Court cannot agree to the procedure the parties propose for the filing of documents under seal. (See id. at 3, ¶ 7). The filing and disclosure of confidential court records must comply with the Central District's Local Rule 79-5. If confidential material is included in any papers to be filed in Court, such papers must be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers — or the confidential portions thereof — under seal. The application shall be directed to the judge to whom the papers are directed. Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Local Rules 79-5.2 and 79-5.3 govern the disclosure of confidential court records and Local Rule 79-5.4 sets out the parties' responsibility to redact or exclude personal identifiers.

\\

1    The Court cannot agree to the parties' stipulation regarding the
2 use of documents, materials and information as evidence at any hearing
3 or trial of these cases. (See Protective Order at 3, ¶ 8). The instant
4 Protective Order is before the Court for discovery purposes only, and
5 the parties cannot use the current Protective Order to control the
6 admission of evidence at a hearing or trial.
7
8    The proposed Protective Order fails to include an adequate
9 statement of good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331
10 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis
11 requires examination of good cause) (citing Phillips v. Gen. Motors
12 Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)). The Court may
13 enter a protective order only upon a showing of good cause. Kamakana
14 v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006)
15 (parties must make a "particularized showing" of good cause for court
16 to enter protective order); Phillips, 307 F.3d at 1210-11 (Rule 26©
17 requires a showing of good cause for a protective order); Makar-Wellbon
18 v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even
19 stipulated protective orders require good cause showing). In any
20 revised stipulated protective order submitted to the Court, the parties
21 must include a statement demonstrating good cause for entry of a
22 protective order pertaining to the documents, materials, or information
23 described in the order. The paragraph containing the statement of good
24 cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."
25 The parties shall articulate the specific prejudice or harm that will
26 result if no protective order is entered. Foltz, 331 F.3d at 1130.
27 \\
28 \\

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: October 7, 2013            /S/
                                  SUZANNE H. SEGAL
                                  UNITED STATES MAGISTRATE JUDGE